# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BILLY DON VANCE, JR.,            )
                                 )
            Plaintiff,           )
                                 )
v.                               )    Case No. CIV-14-316-RAW-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
            Defendant.           )

## REPORT AND RECOMMENDATION

Plaintiff Billy Don Vance, Jr. (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on June 19, 1959 and was 54 years old at the time of the ALJ's decision.  Claimant completed his high school education with one year of college education.  Claimant has worked in the past as a respiratory therapist.  Claimant alleges an inability to work beginning December 31, 2007 due to limitations resulting from depression, pain, heart problems, swelling and

numbness in the hands and feet, and severe headaches.

## Procedural History

On June 13, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On February 4, 2014, an administrative hearing was held before Administrative Law Judge ("ALJ") Doug Gabbard, II in McAlester, Oklahoma. On February 14, 2014, the ALJ issued a partially favorable decision on Claimant's applications. The Appeals Council denied review of the decision on May 31, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform light work with limitations prior to January 19, 2014.

## Error Alleged for Review

Claimant asserts the ALJ committed error in arriving at an RFC which is not supported by substantial evidence.

## Evaluation of Claimant's RFC

In his decision, the ALJ determined Claimant suffered from the severe impairments of affective disorder, anxiety disorder, substance abuse disorder (in remission), remote history of right acromioclavicular ACL repair with moderate spurring, remote history of right knee repair, osteoarthritis, and obesity, noting Claimant was 5'8" tall and weighed 235 pounds. (Tr. 13). The ALJ also found Claimant retained the RFC to perform light work except that he was limited to unskilled work which needed little or no judgment to do simple duties that could be learned on the job in a short period of time and he must not be required to understand, remember, or carry out detailed instructions or perform job skills requiring a GED reasoning level greater than 1; supervision must be simple, direct, and concrete; interpersonal contact with supervisors and co-workers must be incidental to the work performed, e.g. assembly work; no contact with the general public; and only occasional reaching, including overhead, with his right dominant arm. (Tr. 15). The ALJ found Claimant was in the "individual closely approaching advanced age" prior to January 19, 2014 and was not disabled. (Tr. 19). After consultation with a vocational expert, the ALJ identified the representative jobs of conveyor line bakery worker which existed in sufficient numbers in the national and

regional economies. (Tr. 20). He then moved into the "advanced age" category on January 29, 2014 at which point he became disabled as there existed no jobs in significant numbers which he could perform. Id. As a result, the ALJ found Claimant was not disabled for purposes of disability insurance benefits through December 31, 2012, the date last insured. He did find Claimant was disabled beginning January 19, 2014, granting Claimant's application for supplemental security income. (Tr. 21).

Claimant contends the ALJ reached an improper finding as to Claimant's RFC which is not supported by substantial evidence. Appropriately, Claimant concentrates his request for review upon whether he could perform the single job of conveyor line bakery worker identified by the ALJ. The *Dictionary of Occupational Titles ("DOT")* defines the tasks required by a conveyor line bakery worker as follows:

> Performs any combination of the following tasks in preparation of cakes along conveyor line: Reads production schedule or receives instructions regarding bakery products that require filling and icing. Inspects cakes moving along conveyor to detect defects and removes defective cakes from conveyor to reject bins. Positions cakes on conveyor for application of filling or icing by machine, observes filing or icing application to ensure uniform coverage, and places additional cake layers on coated layers, depending on number of cake layers in product. Observes cakes moving under automatic topping shaker and cake cutting machine to ensure uniform topping application and cutting. Smooths iced edges of cake,

6

using spatula, and moves decorating tool over top of designated cakes to apply specified appearance. Notifies supervisor of malfunctions.

*DOT*, #524.687-022.

A Psychiatric Review Technique prepared by an agency physician on June 4, 2013 found Claimant was moderately limited in maintaining concentration, persistence, or pace. (Tr. 71). The same restriction was noted by the ALJ in his decision at step three. (Tr. 14). The physician also found Claimant was moderately restricted in his ability to maintain attention and concentration for extended periods. (Tr. 76). The ALJ did not include this limitation in his RFC evaluation while accepting other portions of these agency physicians' opinions. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). Moreover, the conveyor job cited by the ALJ would by its definition require consistent persistence and pace and, thus, could be affected by the inclusion of the moderate limitation on concentration, persistence, or pace in the RFC evaluation.

Curiously, Defendant expends considerable ink on the issue of Claimant's credibility. Claimant does not challenge the ALJ's credibility determination, making this contention by Defendant

7

superfluous.  Defendant also asserts the finding of a limitation at step three by the ALJ does not obligate him to include the same limitation at step five.  The ALJ's finding of limitation at step three is only cited for the purpose of demonstrating the ALJ adopted the agency physicians' opinions.  On remand, the ALJ shall consider the moderate limitation on concentration, persistence, or pace in his RFC evaluation and the effect that limitation has upon his step five conclusions.

Claimant also contends the ALJ inadequately considered his limitation in the use of his right arm.  Specifically, Dr. Terry Kilgore, the consultative examiner employed in this case, found Claimant was unable to fully extend his right elbow.  (Tr. 246).  The ALJ recognized this report but only limited Claimant in his RFC evaluation to occasional reaching, including overhead, with his right arm.  (Tr. 15).  This limitation would appear to fail to fully accommodate Claimant's restriction in the extension of his right arm.  On remand, the ALJ shall re-evaluate this limitation in his RFC assessment.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above

and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

    DATED this 10th day of August, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE